Cheryl G. SHARPE, Plaintiff,

v.

John H. KELLEY, et al., Defendants.

Civ. A. No. 91–12549–S.

United States District Court,
D. Massachusetts.

Oct. 13, 1993.

Matthew Cobb, Law Firm of Matthew Cobb, Boston, MA, for plaintiff.

Michael J. Liston, Glass, Seigle & Liston, Boston, MA, for defendants.

**34**

*MEMORANDUM AND ORDER ON DE-FENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION*

SKINNER, Senior District Judge.

This is an action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* (Count I) and 42 U.S.C. § 1985(3) (Count II), with other state law counts not relevant here. Plaintiff alleges multiple episodes of job-related sexual harassment between November 1990 and May 1991.

Plaintiff alleges that this court has subject matter jurisdiction because Counts I and II arise under federal law. Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(2), 12(c) and 12(h)(3). However, this motion is actually a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Because both parties have briefed the motion as such, I shall consider it accordingly.

■ On a motion to dismiss, I take all of the allegations of the complaint to be true. The complaint will be dismissed only when it it appears that plaintiff cannot recover on any viable theory. *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir. 1990).

*Discussion*

■ Defendants argue that Count I must be dismissed because plaintiff cannot maintain a claim under RICO. Count I alleges that defendant John H. Kelley ("Kelley") conducted the affairs of two corporations, the Fidelis Group, Inc. ("Fidelis") and Cyborg Technology, Inc. ("Cyborg"), through a pattern of racketeering activity designed to extort from plaintiff her civil rights in violation of the Hobbs Act, 18 U.S.C. § 1951. Kelley allegedly tried to extort sexual favors from plaintiff by threatening her financial prospects as an employee of Fidelis and as a principal of Cyborg—in short, by trying to control both the business and private aspects of her life.[1]

In relevant part, 18 U.S.C. § 1951(b)(2) defines "extortion" as "the obtaining of property from another...." Defendants argue that the only "property" at issue is the plaintiff's sexual favors, which is not property within the meaning of the Hobbs Act. Defendants have read the complaint too selectively. Paragraph 131 of the complaint alleges the "extortion ... of [plaintiff's] property (civil rights)." These include her contractual job rights and partnership rights. *See* Pl.'s Opp. at 4. Plaintiff's hybrid conception of property is not necessarily excluded by the Hobbs Act. *Cf. United States v. Local 560 of Int'l Broth. of Teamsters,* 780 F.2d 267, 281 (3d Cir.1985) (Hobbs Act protects intangible as well as tangible property). I find from the complaint that plaintiff might be able to make out a violation of the Hobbs Act.

■ Defendants argue next that plaintiff cannot establish a "pattern" of racketeering activity because she alleges only one predicate act. To satisfy the "pattern" requirement of RICO, the plaintiff must "demonstrate not only the existence of two or more predicate acts, but also that they are related and pose at least a threat of continued criminal activity." *Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 44 (1st Cir.1991). Defendants rely upon *Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir.1991), where the plaintiff alleged that she was repeatedly harassed by the bank, her employer, to help it obstruct an ongoing federal investigation. The court rejected plaintiff's theory that each individual incident of harassment was a predicate act under RICO. *Id.* at 46 n. 6. *See also Apparel Art Int'l, Inc. v. Jacobson,* 967 F.2d 720, 722–23 (1st Cir.1992) (the parts of a crime do not make out a "pattern," even if the parts themselves constitute separate crimes).

■ I do not find *Miranda* unquestionably controlling here. When a scheme has a definite endpoint, it is reasonable to speak of individual acts in the scheme as parts of a single predicate act, all pointing toward the

---

1. Because I must take the allegations of the complaint as true, I will hereafter omit the qualifier "alleged" for the sake of readability.

fulfillment of the scheme. In *Miranda*, the harassment by plaintiff's employers would have ended when the federal investigation did, for its purpose was to force plaintiff to obstruct the investigation. The same is true of the scheme to defraud the government in *Apparel Art:* once the government contract had been won and performed, and the fraud successfully concealed, the scheme would end. A bank robbery, the example given in *Apparel Art*, ends with the getaway. By contrast, no natural closure was forseeable here. While Kelley's acts of harassment all share one common purpose—sex—his conduct would have been capable of endless repetition, at least in theory. One sexual favor would not have been enough. When the offending scheme is potentially open ended and enduring because the object of the scheme is inexhaustible, it may be reasonable to view the constituent acts of the scheme as separate predicate acts under RICO. I find from the complaint that plaintiff may still be able to prove multiple predicate acts as required by RICO.

I find also that plaintiff may be able to establish "the continuity necessary to underbrace a RICO claim." *Feinstein,* 942 F.2d at 45. Plaintiff may show that the related predicates "amounted to ... continued criminal activity" by "proving a series of related predicates extending over a substantial period of time." *See Fleet Credit Corp. v. Sion,* 893 F.2d 441, 445–46 (1st Cir.1990) (discussing *H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). Because of Congress' concern that RICO should apply only to enduring criminal conduct, "[p]redicate acts extending over a few weeks or months" do not "amount[ ] to" continued criminal activity. *Id. (quoting H.J.,* 492 U.S. at 242, 109 S.Ct. at 2902). Kelley's acts of harassment

extended from November 1990 to May 1991, which may prove too short to establish continuity. *See Feinstein,* 942 F.2d at 45–46 (conduct spanning "no more than three or four months" inadequate). However, neither the First Circuit nor the Supreme Court has set an absolute minimum duration for criminal activity under RICO. I cannot find as a matter of law that alleged criminal activity spanning five to six months fails the continuity requirement, especially in light of the fact that plaintiff alleges, not "sporadic activity," *see H.J.,* 492 U.S. at 239, 109 S.Ct. at 2900, but multiple acts of harassment virtually month by month.[2]

For these reasons, I will deny the defendants' motion to dismiss as to Count I.

Defendants also move to dismiss Count II. Under 42 U.S.C. § 1985(3) (or any other conspiracy law), it takes "two or more persons" to "conspire." It appears that Kelley is wholly responsible for the "class based sexual harassment" alleged in Count II; no other natural person is even mentioned. The complaint does not allege that Kelley conspired with any other employee of Fidelis or Cyborg. Cyborg acting "through Kelley's direction," in the absence of any reference to another natural person, can only mean Kelley himself. Complaint ¶ 140. *See Brooks v. Fitch,* 534 F.Supp. 129, 133 (D.N.J.1981) (rejecting theory of conspiracy among "the component parts of an individual's life"). Count II will be dismissed.

*Conclusion*

Defendants' motion to dismiss is DENIED as to Count I, and GRANTED as to Count II.

---

**2.** Continuity can also be established by showing that the related predicates "posed a *threat* of [ ] continued criminal activity." *Sion,* 893 F.2d at 445–46 (emphasis added). Under this approach, plaintiff may show that the racketeering acts "include a specific threat of repetition extending indefinitely into the future [or] ... are part of an ongoing entity's regular way of doing business." *H.J.,* 492 U.S. at 242, 109 S.Ct. at 2902. Plaintiff alleges that "there still exists a substantial threat of future criminal conduct, namely that the Defendant, Kelley, is still harassing the Plaintiff,

Sharpe, and another attempt at assaulting Sharpe could occur by Kelley in the future." Complaint ¶ 134. However, Kelley is no longer harassing plaintiff in the conduct of Fidelis' and Cyborg's affairs, since plaintiff is no longer associated with either enterprise. Such harassment cannot be a predicate act under RICO. Therefore, plaintiff cannot establish any threat of continued criminal activity cognizable under RICO. Nor has plaintiff expressly alleged that Kelley's sexual harassment is "part of an ongoing entity's regular way of doing business," though that inference might be drawn from the complaint.